UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                    Civil No. 10-cv-82-JD
                                               Opinion No. 2010 DNH 139C
Patrick M. Carron

O R D E R

The government sued Patrick M. Carron, seeking damages
resulting from his default on student loans.  Carron answered the
complaint, and now the government moves for judgment on the
pleadings.  Carron did not file an objection.

## Background

The facts are taken from the undisputed portions of the
complaint.  In January, April, and August, 1996, Carron borrowed
$16,000 from Vermont Student Assistance Corporation ("VSAC").  In
July, 1997, Carron borrowed an additional $18,500 from VSAC.  In
July 1998 and July 1999, VSAC loaned Carron another $37,000.  All
of the loans bore a variable interest rate which was to be
established annually by the U.S. Department of Education ("DOE"),
an agency of the government.  Carron's loans were Guaranteed
Student Loans authorized by Title IV-B of the Higher Education
Act of 1965, 20 U.S.C. § 1071 et seq., and repayment was
guaranteed by the DOE.

On November 3, 2004, Carron defaulted on all of the loans.[1] VSAC demanded payment from the government and the notes were assigned to the government on June 26, 2008.  For the 1996 and 1997 loans, the government seeks a judgment against Carron in the amount of $52,692.31, which consists of the outstanding principal and interest, calculated as of December 3, 2009, due on those loans.  The government also asks that the judgment include interest on each of the 1996 and 1997 loans at the rate of 3.28% per annum from December 3, 2009, through June 30, 2010, and thereafter at the rate established by the DOE, plus interest at the legally applicable rate from the date of judgment until the debt is fully repaid.  Similarly, for the 1998 and 1999 loans, the government seeks a judgment in the amount of $53,152.81 plus interest at the rate of 2.48% per annum from December 3, 2009, through June 30, 2010, and thereafter at the DOE-established rate, as well as post-judgment interest until repayment is

---

[1]In his answer, Carron states that he agrees with, inter alia, paragraphs 9, 14, and 19 of the complaint, which allege that he defaulted on his obligations.  Carron also affirmatively avers that the "loans went into default on November 03, 2004." Answer at ¶ 4.  Carron also states, however, that he "never refused or neglected to pay back the said obligations.  I do not and have not had the means to even pay the interest that accrues on the said obligations each month." Id. at ¶ 2.  It appears that Carron does not dispute that he did not make payments on time, but rather that he wishes to state that his failure to pay was due to an inability to pay, rather than bad faith or neglect.

complete.  The government also seeks costs and attorney's fees incurred in connection with this litigation.

In his answer, Carron alleges that he is unable to pay due to his medical condition and contends the government's case is barred by a New Hampshire statute of limitations.

### Standard of Review

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  When considering a motion for judgment on the pleadings, the "court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).  "The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." Id.  The court "may consider documents the authenticity of which are not disputed by the parties; documents central to plaintiff['s] claim; and documents sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (internal quotation marks, citation, and alterations omitted).

Discussion

The government argues that it is entitled to judgment on the pleadings because it has shown that Carron took out the loans, that he defaulted on them, and that he is indebted to the government in the amount the government seeks.  The government also argues that the two defenses Carron appears to have raised, the statute of limitations and his medical conditions, are meritless.  Carron did not object to the government's motion.

I.   The Government's Claims

"To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default."  United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009) (citations omitted); see also United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); United States v. York, Civ. No. 9-470-B-W, 2010 WL 1849292, at *4 (D. Me. May 5, 2010).  "For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness."  Petroff-Kline, 557 F.3d at 290 (citation omitted); see also York, 2010 WL 1849292, at *4; United States v. Goodman, Civ. No. 09-cv-216-SM, 2010 WL 757968, at *3 (D.N.H. Mar. 2, 2010).

4

The government attached copies of each of the promissory notes in question to its complaint.  <u>See</u> Compl., Exhs. A, C, E. Each promissory note is signed and dated by Carron.  The government also attached certificates of indebtedness for each of the loans.  <u>See</u> Compl., Exhs. B, D, F.  In each certificate, a loan analyst verified that DOE records show that, by virtue of the loan guarantee and assignment, Carron is indebted to the government in the amounts the government seeks in this litigation.  The loan analyst also verified the interest owed through December 3, 2009, and the interest rate applicable from that date until judgment is entered.  Carron did not dispute the authenticity or accuracy of either the promissory notes or the certificates of indebtedness.  Therefore, the government has established its prima facie case that it is entitled to recover on the notes.

II.  <u>Carron's Defenses</u>

In his answer, Carron made two arguments to defend against his liability for the loans.  He contended that the applicable statute of limitations barred the suit because the government had not filed its complaint until March, 2010.  He also stated that he suffers from narcolepsy and a degenerative back condition, which prevent him from obtaining employment other than self-

employment.  According to Carron, he cannot pay more than $75 a month on the debts at issue, and his financial situation is unlikely to change in the future.

In its motion, the government argues that there is no statute of limitations applicable to its claims against Carron. The government further contends that Carron's financial and medical conditions, and his alleged inability to repay his loans, are not a cognizable defense to the government's claims.[2]

Once the government has established its prima facie case, the defendant bears "the burden of proving the nonexistence, extinguishment or variance in payment of the obligation."

---

[2]In the parties' discovery plan and report of their Rule 26(f) meeting, Carron proffered an additional theory of defense, the doctrine of laches.  "In responding to a pleading, a party must affirmatively state any . . . affirmative defense, including . . . laches."  Fed. R. Civ. P. 8(c)(1).  "Failure to plead an affirmative defense in the answer . . . generally results in waiver of the defense." Riggs v. Peschong, Civ. No. 06-cv-366-JD, 2009 WL 604369, at *5 (D.N.H. Mar. 5, 2009) (citing Jewelers Mut. Ins. Co. v. N. Barquet, Inc., 410 F.3d 2, 11 (1st Cir. 2005) and 5 Federal Practice and Procedure, § 1278).  "There are certain exceptions to the Rule 8(c) bar which might be invoked, inter alia, either where (i) the defendant asserts it without undue delay and the plaintiff is not unfairly prejudiced by any delay . . .; or (ii) the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed." Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003).  Carron failed to assert the defense of laches in his answer, has not moved to amend his answer, and did not raise the defense in an objection to the government's motion.  The defense is waived.

Petroff-Kline, 557 F.3d at 290.


A.   Statute of Limitations

Carron contends that the "statute of limitations under New Hampshire law for the collection of debts is three years," and that therefore the government's claims, filed more than five years after the loans went into default, are barred.[3]  The government contends that 20 U.S.C. § 1091a(a) preempts the New Hampshire statute of limitations.

Section 1091a(a) provides:

(1) It is the purpose of this subsection to ensure that obligations to repay loans . . . are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.
(2) Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated taken by . . . the Attorney General . . . for the repayment of the amount due from a borrower on a loan made under this subchapter.

§ 1091a(a)(1), (2)(D).  Section 1091(a) "eliminates all limitations defenses for collection of student debts."  Lawrence, 276 F.3d at 196; see also Lee v. Spellings, 447 F.3d 1087, 1089

_____

[3]Carron does not cite the statute upon which he relies.  He may have intended to refer to New Hampshire Revised Statutes Annotated 508:4(I), which imposes a three-year limitations period on all personal actions except slander and libel suits.

(8th Cir. 2006) ("In 1991, § 1091a(a)(2)(D) eliminated . . . [the previously existing] six-year time limit for filing suit to collect student-loan debts."); College Loan Corp. v. SLM Corp., 396 F.3d 588, 596 n.5 (4th Cir. 2005) (describing § 1091a(a) as "displacing state statutes of limitations"); In re Enterprise Mortgage Acceptance Co. Sec. Litig., 391 F.3d 401, 407 (2d Cir. 2004) (describing § 1091a(a)(2) as "eliminating statute of limitations with regard to recovering on defaulted student loans"); Millard v. United Student Aid Funds, Inc., 66 F.3d 252, 253 (9th Cir. 1995) ("In 1991, Congress amended § 1091a to abrogate retroactively statutes of limitations governing collection on defaulted loans."). Under the applicable standard, the government's claims are not barred by the New Hampshire statute of limitations.

### B. Medical and Financial Condition

The government argues that disability or other grounds for a discharge of Carron's debt must be raised through the administrative process, and are not cognizable defenses in a civil collection action. "[C]laims for relief under the Higher Education Act must be presented through the administrative process and cannot be asserted as defensive claims in civil collection litigation." United States v. Emanuel, Civil No. 09-

8

cv-185-SM, 2009 WL 4884482, at *2 (D.N.H. Dec. 10, 2009) (citing Green v. United States, 163 F. Supp. 2d 593, 598 (W.D.N.C. 2000) (internal quotation marks and alterations omitted) (emphasis in original).  Additionally, Carron provides no legal basis for his contention that his financial and medical conditions excuse him from repaying his loan.  Therefore, Carron's defense of an inability to pay fails.

## Conclusion

For the foregoing reasons, the government's motion for judgment on the pleadings (doc. no. 6) is granted.  To the extent the government seeks its costs and attorney's fees associated with this suit, it shall file a brief explaining the authorization for such an award and evidence of the amounts in question by **September 3, 2010**.


SO ORDERED.


                                         /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

August 6, 2010

cc:  Michael T. McCormack, Esquire
     Patrick M. Carron, pro se